UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| VS. | : | Docket No. 3:02CR249-11 (AWT) |
| PINKNEY SUGGS | : | September 14, 2006 |

GOVERNMENT'S OBJECTION TO MOTION TO
MODIFY SENTENCE

The Government hereby objects to Defendant, Pinkney Suggs' motion to modify the criminal judgment imposed against him in this case. Based upon the following reasons, Defendant Suggs' motion should be denied as a matter of law.

*Background*

Defendant Suggs was sentenced by this Court on December 11, 2003 and ordered to pay a $200.00 special assessment and a $10,000.00 criminal fine, plus interest; with both debts due and payable immediately. The special assessment was paid in March, 2004. Additionally, a total of $472.82 has been applied to Defendant Suggs' criminal fine debt, primarily through sporadic monthly payments.

Defendant Suggs has now filed a motion that requests, without supporting authority, that the remaining balance of his criminal fine be remitted.

*Argument*

Pursuant to 18 U.S.C. § 3572( c), a sentence that includes the imposition of a criminal fine is a final judgment, and may only be modified in certain enumerated circumstances, none of which are applicable here. While it is true that Section 3572( c) does permit the remission of a

criminal fine, the remission statute makes clear that only the Government may seek remission. Specifically, 18 U.S.C. § 3573, entitled *"Petition of the Government for modification or remission"*, provides in relevant part that "[u]pon petition of the Government showing that reasonable efforts to collect a fine . . . are not likely to be effective, the court may, in the interest of justice [remit, defer payment or extend an installment payment schedule]."

Thus, only the Government and *not* Defendant Suggs may seek remission. The Government is not inclined at this time to petition this Court for remission because it has determined that reasonable efforts to collect the fine will be effective. In fact, most payments up to this point have been made under the supervision of the Probation Office, requiring no effort from the Government to collect the fine. The Government does not dispute that Defendant Suggs' current ability to pay the fine in full, immediately, may be limited. Nevertheless, a limited ability to pay does not mean that there is *no* ability to pay. On the contrary, the Probation Office has fully considered Defendant Suggs' current financial situation, based upon his submissions to that Office. The Probation Office has concluded however, that Defendant Suggs does have at least some ability to make monthly payments, albeit at a nominal rate. Since Defendant Suggs has some ability to pay, he should continue to be held accountable for payment of his criminal fine.

Moreover, Defendant Suggs' obligation to pay his fine does not expire until March, 2028. No one can predict whether Defendant Suggs' ability to pay may improve over time. If, on the other hand, Defendant Sugg's ability to pay deteriorates in the future to a point where reasonable collection efforts would not be cost effective, the Government will then consider petitioning for remission.

The fact remains however, that granting Defendant Sugg's request for remission at this time is premature and contrary to the applicable statutes. Perhaps more importantly, granting remission to Defendant Suggs would also defeat the ends of justice by relieving him of an obligation imposed as just punishment for his crimes. Accordingly, based upon all of the foregoing reasons, and in the interest of justice, the Government respectfully requests that Defendant Suggs' Motion to Modify Sentence be denied.

    Respectfully submitted,

    Kevin J. O'Connor
    United States Attorney


    Christine Sciarrino
    Assistant United States Attorney
    157 Church Street
    23rd Floor
    New Haven, CT   06510
    (203) 821-3780/ Fax: (203) 773-5392
    Federal No. CT3393
    Email: Christine.Sciarrino@usdoj.gov

<u>Certification</u>

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 14th day of September, 2006, to:

John R. Williams, Esq.
51 Elm Street
New Haven, CT  06510

_____
Christine Sciarrino
